SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3925 PA (JCx) | Date | June 9, 2010 |
|---|---|---|---|
| Title | Octavio Leal v. U.S. Bank Nat'l Ass'n | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      Before the Court is the Complaint filed by plaintiff Octavio Leal ("Plaintiff").  Plaintiff, who is appearing pro se, filed his Complaint in this Court on May 25, 2010.  The Complaint appears to allege a cause of action for quiet title.  Although the Complaint includes references to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., the Complaint contains no legal claim for TILA violations.  In violation of Local Rule 8-1, the Complaint does not adequately allege the basis for this Court's jurisdiction.  See Local Rule 8-1 ("The statutory or other basis for the exercise of jurisdiction by this Court shall be plainly state in the first paragraph of any document invoking this Court's jurisdiction.").

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); see also Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) ("The defendant also has the burden of showing that it has complied with the procedural requirements for removal.").  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

      Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id.  Thus, a plaintiff is generally the "master of the claim."  Id.  There is no federal question jurisdiction simply because there is a federal defense to the claim.  Id.  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3925 PA (JCx) | Date | June 9, 2010 |
|---|---|---|---|
| Title | Octavio Leal v. U.S. Bank Nat'l Ass'n | | |

only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856, 77 L. Ed. 2d 420 (1983). The "well-pleaded complaint" rule "severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court." Id. at 9-10, 103 S. Ct. at 2846, 77 L. Ed. 2d 420. A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." Id. at 9, 103 S. Ct. at 2846, 77 L. Ed. 2d 420. "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 2367, 162 L. Ed. 2d 257 (2005).

The absence of a federal cause of action is a relevant factor to be considered in assessing whether a federal issue is substantial. Id. at 318, 125 S. Ct. at 2370, 162 L. Ed. 2d 257; Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 811-12, 106 S. Ct. 3229, 3233-34, 92 L. Ed. 2d 650 (1986). Merely using the potential violation of a federal statute to form part of the basis for a state law cause of action does not transform the cause of action into a federal claim. Merrell Dow, 478 U.S. at 811-12, 106 S. Ct. at 3233-34, 92 L. Ed. 2d 650. Such references to federal violations to support state law causes of action do not support federal jurisdiction:

> One only needed to consider the treatment of federal violations generally in garden variety state tort law. . . . A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law."

Grable & Sons, 545 U.S. at 318-19, 125 S. Ct. at 2370, 162 L. Ed. 2d 257 (alterations in original) (quoting Merrell Dow, 478 U.S. at 811-12, 106 S. Ct. at 3233-34, 92 L. Ed. 2d 650).

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3925 PA (JCx) | Date | June 9, 2010 |
|---|---|---|---|
| Title | Octavio Leal v. U.S. Bank Nat'l Ass'n | | |

In many situations, where the violation of a federal statute is one of several independent allegations supporting a state law cause of action, courts have determined that the state law cause of action does not "necessarily turn" on the construction of the federal statute. Rains v. Criterion Sys., Inc., 80 F.3d 339, 345-46 (9th Cir. 1996); see also id. at 346 ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

Here, Plaintiff's Complaint includes a single cause of action for quiet title under state law. The Complaint's references to TILA do not transform that cause of action into a federal question or create federal jurisdiction. The Court therefore orders Plaintiff to show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response to this order to show cause shall be filed by June 23, 2010. The failure to file a timely or adequate response to the order to show cause may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.